IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUKHAN MUMIN, | ) | |
| | ) | |
| Petitioner, | ) | 4:16CV3033 |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN GAGE, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

On March 8, 2016, Petitioner filed a Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2254, alleging various violations of his constitutional rights. On initial review, the court preliminarily determined that Petitioner's claims are potentially cognizable in federal court, and set an initial progression schedule in this case. (Filing No. 10.)

On May 20, 2016, Petitioner filed a motion requesting that this court release him on bail pending a final decision in this matter. Federal district courts have the inherent power to grant state prisoners bail during the pendency of a federal habeas corpus proceeding. See *Martin v. Solem*, 801 F.2d 324, 329-330 (8th Cir. 1986). However, such power can be exercised only in exceptional cases and where special circumstances exist. *Id*. Petitioner argues that he should be released on bail because his conviction was obtained through the use of an inadmissible report and there was insufficient evidence to convict him. These conclusory statements do not constitute exceptional circumstances warranting bail. Accordingly, the request for bail will be denied.

On May 23, 2016, Petitioner filed a request to stay proceedings in this matter because he filed a supplement to his habeas petition on May 20, 2016. (Filing Nos. 14, 15.) The motion also makes several legal arguments pertaining to the merits of his habeas petition and seeks the appointment of counsel and an evidentiary hearing.

Petitioner's request that these proceedings be stayed will be denied. Petitioner has not set forth any grounds for delaying progression of this case, nor has Petitioner identified any reason necessitating an evidentiary hearing. Respondent is, however, directed to take note of the supplement to Petitioner's petition at the time Respondent files his response to the habeas petition.

Moreover, Petitioner will not be appointed counsel at this time. As Petitioner was previously informed, there is no constitutional right to counsel in habeas proceedings. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Rather, appointment of counsel is committed to the discretion of the trial court. *Id*. The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED:

1. Petitioner's Motion for Bail (Filing No. 13) is denied.

2. Petitioner's Request to Stay Proceedings (Filing No. 15) is denied.

3. Petitioner's Request for Counsel (Filing No. 15) is denied without prejudice to reassertion.

DATED this 1st day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge