IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>     Petitioner,<br><br>  vs.<br><br>SCOTT FRAKES,<br><br>     Respondent. | 4:16CV3033<br><br>**MEMORANDUM AND ORDER** |

   This closed federal habeas matter under 28 U.S.C. § 2254 is before the court on Petitioner Dukhan Mumin's ("Petitioner" or "Mumin") request for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure (filing no. 73), supplemental request for relief under Rule 60(b) (filing no. 74), amended motion for relief from judgment (filing no. 76), and request for a preliminary injunction (filing no. 75). The requests for Rule 60(b) relief will be denied and dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive petition under § 2254. The request for a preliminary injunction also will be denied.

## I. BACKGROUND

   On March 24, 2017, the court dismissed Mumin's Petition for Writ of Habeas Corpus (filing no. 1) and Supplemental Writ of Habeas Corpus (filing no. 14) which challenged his 2013 conviction for possession of a controlled substance (crack cocaine) with a habitual criminal enhancement. (Filing No. 52.) The court determined that several of Mumin's claims were procedurally defaulted and Mumin failed to show cause and prejudice for the default of his claims or that the court's failure to consider his claims would result in a fundamental miscarriage of justice. (*Id*. at CM/ECF pp.14–22.) For those claims that were properly exhausted, the court determined either that the claims were not cognizable in a federal habeas

action or that Mumin was not entitled to relief on the merits. (*Id*.) The court declined to issue a certificate of appealability, and Mumin prosecuted an appeal to the Eighth Circuit Court of Appeals which was dismissed. (*See* Filing No. 68.)

On April 5, 2018, Mumin filed a request for relief under Rule 60(b) followed by a supplemental request on May 25, 2018. (Filing No. 73; Filing No. 74.) Liberally construed, summarized and condensed, Mumin alleges that his sentence is void because the habitual offender enhancement he received pursuant to Neb. Rev. Stat. § 29-2221 violates due process and the ex post facto clause. Mumin argues that he was not given notice that he would not receive good time under Neb. Rev. Stat. §§ 83-1,107 and 83-1,110 towards his mandatory minimum habitual offender sentence until the time of sentencing and the failure to include such facts in the information voids the judgment against him for lack of jurisdiction. (*See* Filing No. 75.)

Mumin later filed an amended motion for relief from judgment on July 20, 2018, challenging the jurisdiction of this court to adjudicate his rights under the prior habeas action in this case. (Filing No. 76.) Mumin argues that his state court judgment was void ab initio for lack of jurisdiction and, therefore, this court lacked jurisdiction to consider Mumin's habeas action. Mumin asks the court to reopen his habeas case and determine the jurisdictional questions involved.

## II. DISCUSSION

**A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding**

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a

second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

**B. Petitioner's Motions**

Mumin's motions assert that his conviction is void on the following grounds: (1) Neb. Rev. Stat. §§ 29-2221, 83-1,107, and 83-1,110 are

3

unconstitutional; (2) he was not given notice that he would not receive good time under Neb. Rev. Stat. §§ 83-1,107 and 83-1,110 towards his mandatory minimum habitual offender sentence until the time of sentencing in violation of due process; (3) the information failed to set forth all facts essential to punishment since it did not provide notice that Mumin would not receive good time credit towards his mandatory minimum habitual offender sentence; and (4) the imposition of the habitual offender enhancement without notice that Mumin would not receive good time credit constitutes an ex post facto law.

The court concludes that the grounds Mumin raises constitute claims because each ground asserts a basis for relief from Mumin's state conviction. *See Gonzalez*, 545 U.S. at 532. As a result, Mumin's motion must be treated as a second or successive petition under § 2254. *See Ward*, 577 F.3d at 933. Mumin is limited to one habeas corpus petition in this court per conviction,[1] unless the Eighth Circuit Court of Appeals grants him permission to file a second or successive habeas corpus petition relating to the same conviction. *See* 28 U.S.C. § 2244(b). Because he did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, the court will dismiss Mumin's motion pursuant to 28 U.S.C. § 2244(b).[2]

---

[1] The court notes that Mumin has filed four other petitions challenging this same conviction, which were all dismissed as successive. *See* 4:17CV3164, 4:17CV3169, 4:18CV3015, and 8:18CV102.

[2] (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

In addition, to the extent Mumin's amended motion (filing no. 76) seeks relief under Fed. R. Civ. P. 60(b)(4) on the basis that this court lacked jurisdiction and the prior rulings of this court were void because the state court criminal judgment is void, Mumin's motion is frivolous. "It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel,* 275 F. App'x 763, 767 n.1 (10th Cir. 2008).

Mumin's assertion that this court lacked jurisdiction because the state court criminal judgment is void is wholly without merit. I will not allow Mumin to do indirectly what he cannot do directly—that is to use Rule 60(b)(4) to attack a state criminal conviction through the guise of attacking federal jurisdiction of an adverse ruling in an action Mumin brought himself pursuant to 28 U.S.C. § 2254.

---

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](); [28 U.S.C. § 2253(c)(2)](); [Fed. R. App. P. 22(b)(1)](). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in [*Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)](). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Request for Relief under Fed. R. Civ. P. 60(b) ([filing no. 73]()), Supplemental Request for Relief under Rule 60(b) ([filing no. 74]()), and Amended Motion for Relief from Judgment ([filing no. 76]()) are denied.

2. Petitioner's Request for Preliminary Injunction/Restraining Order ([filing no. 75]()) is denied as moot.

3. The court will not issue a certificate of appealability in this matter.

Dated this 20th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge